UNITED STATES OF AMERICA
DISTRICT OF MINNESOTA
Criminal No. 13-174 (RHK/AJB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S PRELIMINARY |
| v. ) | POSITION REGARDING SENTENCING |
| ) | |
| GABRIEL ORION LOWTHER, ) | |
| ) | |
| Defendant. ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Allen A. Slaughter, Jr., Assistant United States Attorney, and states that it concurs with the findings and recommendations contained in the Presentence Investigation Report ("PSR"), except as identified specifically below.

**I.     Criminal History and Total Offense Level.**

Defendant's total criminal history score is 25, which establishes a criminal history category of VI. Furthermore, Defendant is a career offender. Therefore, his criminal history category is VI. USSG § 4B1.1(b); PSR ¶¶ 78-79.

The Government believes that the base offense level should be set at 36, and that because Defendant was an organizer, leader, manager, or supervisor of at least two coconspirators in the criminal activity, a two-level increase for role in the offense is applicable. USSG §3B1.1(c), n. 2; PSR ¶¶ 23, 28, p. A.2, ¶ 2. Furthermore, at the time of this filing, Defendant is eligible for a three-level reduction based on acceptance of responsibility, resulting in an adjusted total offense level of 35 (36 + 2 – 3).

The Government notes the PSR's determination that a 2-level increase may also apply for international importation, citing in part the materials from pleas by two co-conspirators. PSR ¶¶ 25, p. A.2, ¶ 1. As noted in the Government's comments to the preliminary PSR, there is little case law on this issue. However, it appears that applying a two-level enhancement on the facts of Defendant's case would render the § 2D1.1(b)(5) adjustment an enhancement of general applicability. Specifically, the enhancement would seemingly apply whenever the facts suggest controlled substances at issue cross the international boundaries of the United States. Like heroin and cocaine, the vast majority of methamphetamine presently comes from outside this country, and criminal conspirators know or have reason to know that these substances come from outside this country. Taken to its logical conclusion, the § 2D1.1(b)(5) two-level increase would seemingly apply for most drug conspiracy offenses involving the transport and delivery of these substances into and throughout this country.

Because the § 2D1.1(b)(5) enhancement does not appear to apply on the facts of this case, the Government believes Defendant's adjusted total offense level should be 35. If the Court concludes that Defendant's criminal history category is VI and total adjusted offense level is 35, a guideline range of 292-365 months is applicable.

**II.     Appropriate Sentence.**

The Government requests the Court first take the advisory guidelines into account as the starting point of its analysis, then render its final determination in light of all of the factors set forth in 18 U.S.C. § 3553(a) relevant here. Finally, the Government respectfully requests the Court consider any additional motions filed by the parties.

Dated:   February 19, 2014	Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/Allen A. Slaughter, Jr.*

BY: ALLEN A. SLAUGHTER, JR.
Assistant United States Attorney
Minnesota ID Number 301668